# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 99-41312

(Summary Calendar)

_____

IN THE MATTER OF: ROGELIO D. CAMPOS; MARIA E. CAMPOS,

Debtors

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSTENS LEARNING CORPORATION; J L C FINANCIAL; MARUCA CAMPOS, Individually and as regional Marketing Manager of Jostens Learning Corporation and J L C Financial; JESSE G RODRIGUEZ, Individually and as Vice President of Jostens Learning,

Appellants,

versus

RIO GRANDE CITY CONSOLIDATED INDEPENDENT SCHOOL DISTRICT,

Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
(B:99-CV-157)

Before EMILIO M. GARZA,  STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

This appeal stems from a bankruptcy court order remanding this case to state court.  For the reasons below, we reverse the judgment of the district court and remand for consideration of this case under the district court's diversity jurisdiction.

**I.**

In 1994, the Rio Grande City Consolidated Independent School District ("the District") awarded Jostens Learning Corporation and JLC Financial (collectively "Jostens")[1] a contract to provide computer hardware and software systems for the District's schools.  In response to alleged problems with the provided equipment, the District filed suit in Texas state court, alleging several causes of action under Texas state law: breach of contract, negligence, civil conspiracy, fraud, and violations of the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41 *et seq.*  As defendants, the District named Jostens and JLC as well as Acer America Corporation ("Acer"),[2] which had supplied the hardware, and Maruca Campos and Jesse Rodriguez, employees of Jostens who had been involved in the transaction.  All but Rodriguez were served with the complaint.

On March 12, 1997, Campos filed a Chapter 13 petition for bankruptcy.  As a result,

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]     Both Jostens and JLC are incorporated in Illinois and have their primary place of business in California.

[2]     Acer is a California corporation both by site of incorporation and by its primary place of business.

defendants removed the entire suit to federal bankruptcy court, claiming federal jurisdiction because the District's computer case "ar[ose] in or [was] related to" the bankruptcy. *See* 28 U.S.C. § 1334(b).

The District contested federal jurisdiction in two ways. First, it filed a motion to remand, asserting that Campos's role in the transaction was minimal and, accordingly, that the state court lawsuit did not satisfy the "related to" prong of § 1334(b). Second, the District attempted to amend its complaint, eliminating claims against Campos and Rodriguez in their individual capacities but retaining the lawsuits against these Texas employees in their official capacities.[3] The defendants, in turn, filed a supplemental petition for removal, asserting that federal jurisdiction was proper on the basis of diversity, *see* 28 U.S.C. § 1332,[4] as well as bankruptcy. After defendants claimed diversity jurisdiction, the District again attempted to amend its complaint, asserting that its removal of claims against Rodriguez was done "inadvertently," and attempting to reassert its claims against Rodriguez.

In a brief order, the bankruptcy court granted the District's motion to remand to state court. The court held that it had the power to enter a remand order under 28 U.S.C. § 1334 and § 1452, and specifically noted that the case contained primarily state causes of action and involved "no unique federal bankruptcy law." The court did not address the defendant's supplemental removal petition, or diversity jurisdiction, in rendering its decision. Though the bankruptcy court temporarily granted

---

[3] In its motion for leave to file a second amended complaint, the District argued that "The basis for this motion is to remove any mention of claims against Defendant Maruca Campos and Defendant Jessie Rodriguez, Individually, in order to conform to the facts of this case. As appear [sic] on the face of the Plaintiff's petition any reference to these two Defendants relate [sic] to their roles as agents."

[4] Jostens and JLC posited that "Jurisdiction is proper in the Bankruptcy Court, pursuant to 28 U.S.C. §1334, as the Defendants have alleged in their Application and Notice of Removal. However, in the event that a finding is made that the Bankruptcy Court lacks jurisdiction for any reason, jurisdiction is proper in the federal district court on the basis of diversity of the parties."

-3-

defendants' motion for rehearing and listened to argument, including the argument that diversity jurisdiction existed, the bankruptcy court failed to rule on the diversity issue, claiming that the grant of rehearing was entered "inadvertently."

The district court adopted the opinion of the bankruptcy court as its own. We granted a stay pending appeal, reasoning that "[a] serious question is presented whether the district court overlooked appellants' supplemental removal petition based on diversity of citizenship."

**II.**

We lack jurisdiction to consider the appeal of the district court's remand order insofar as the removal was accomplished under 28 U.S.C. § 1452(a). The district court remanded the case under 28 U.S.C. § 1452(b), which provides:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, *is not reviewable by appeal or otherwise by the court of appeals* under section 158(d), 1291 or 1292 of this title . . .

28 U.S.C. § 1452(b) (emphasis added). The bankruptcy court cited several equitable grounds in support of its remand order, including: protection of the right to a jury trial, the fact that the case involved primarily state contract law, and that the state court was familiar with the facts because the case was pending in state courts for eight months before it was removed. The district court adopted this opinion as its own, and we have previously held such decisions to remand unreviewable in cases relating to bankruptcy. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 455 (5th Cir. 1996) (holding decision not to remand unreviewable); *Sykes v. Texas Air Corp.*, 834 F.2d 488, 489-92 (5th Cir. 1987) (describing an "absolute bar against appeal from decisions to remand or not under § 1452(b)"); *In the Matter of Rayburn Enterprises*, 781 F.2d 501, 502-03 (5th Cir. 1986) ("Because 1452(b) therefore

-4-

bars a consideration of this case's merits, the appeal is dismissed.").

However, this does not dispose of the entire case. Jostens argues that the district court abused its discretion in failing to exercise its diversity jurisdiction, and that even if the lower courts correctly dismissed bankruptcy jurisdiction for equitable reasons, they had no authority to neglect to exercise their diversity jurisdiction. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 455 n.3 (5th Cir. 1996) (noting that once the bankruptcy remand power is employed, a federal court's authority to retain jurisdiction over a case "switches" to whatever other basis of federal jurisdiction may be appropriate). Accordingly, because the district court could have retained jurisdiction over the case assuming it had diversity, we have jurisdiction to review its failure to entertain the case on that ground.[5] *See id.*

### III.

It is well-settled that diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity. *See Strawbridge v. Curtiss*, 3 Cranch 267, 2 L. Ed. 435 (1806). Accordingly, the removal statute provides that diversity cases "shall be removable only if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

The propriety of removal is evaluated at the time the removal petition is filed. *See Texas Beef Group v. Winfrey*, 201 F.3d 680, 685 (5th Cir. 2000). At the time Jostens filed its supplemental petition for removal based on diversity, the parties "properly joined and served as

___

[5]     The general statute forbidding appellate review of remand orders, 28 U.S.C. § 1447(d), does not deprive us of jurisdiction. That provision only deprives us of jurisdiction over remand orders premised on a perceived lack of subject matter jurisdiction or a defect in removal procedure. *See Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996); *Webb v. B.C. Rogers Poultry, Inc.*, 174 F.3d 697, 700 (5th Cir. 1999). Since this remand order was premised on the bankruptcy court's "equitable" powers, § 1447(d) does not forbid appellate review.

defendants"—Jostens and JLC (both California and Illinois corporations) and Acer (a California corporation)—were all completely diverse from plaintiff, a Texas entity.[6] After Jostens filed this petition, the District again attempted to amend its complaint, reinstating its claims against Rodriguez (and, for the first time, serving him with a complaint) in an effort to defeat diversity. However, at the time the removal petition based on diversity was filed, Rodriguez was not a defendant. Therefore, even assuming the District's attempt to reinstate Rodriguez into the case did not constitute fraudulent joinder, the later amendment of the District's complaint did not defeat diversity at the time the removal petition was filed.

Accordingly, diversity jurisdiction existed at the time Jostens filed its petition for removal based on diversity, and "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush*, 517 U.S. at 716, 116 S. Ct. 1712. For this reason, we REVERSE the judgment of the district court and remand to that court for consideration on the merits under the court's diversity jurisdiction.

---

[6] Jostens's efforts to employ diversity jurisdiction are not hampered by the lack of diversity jurisdiction at the time the initial complaint was filed. As the Supreme Court has held, "[i]n a case not originally removable [on diversity grounds], a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of the nondiverse party—may remove the case to federal court within 30 days of receiving such information." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996). Therefore, defendants' supplemental petition properly noted that the occurrence of specific events—the District's renouncing its intention to seek recovery against Campos and Rodriguez—had created complete diversity.